CYNTHIA A. TOLMAN, AS ADMINISTRATRIX, ETC., OF JOSIAH H. TOLMAN, DECEASED, RESPONDENT, *v*. THE SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, APPELLANT.

*Evidence — when the testimony of witnesses that they did not hear a signal is not to be considered as against affirmativ eevidence that it was given.*

Where, in an action to recover the damages occasioned by the alleged negligent killing of the plaintiff's intestate by the defendant, a railroad company, the only negligence alleged is the failure of those in charge of the train by which the intestate was struck to ring the bell or blow the whistle on approaching a crossing, it is the duty of the court to charge that, as against the affirmative evidence of credible witnesses that the bell was rung, or the whistle blown, the evidence of witnesses who were not listening for signals, and who gave no attention to the matter, that they did not hear the bell or the whistle, should not be considered.

(*Culhane* v. *N. Y. C. and H. R. R. R. Co.*, 60 N. Y., 133, 137, followed.)

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Onondaga Circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, and also from an order of the Special Term granting an extra allowance.

*William C. Ruger* and *Louis Marshall*, for the appellant.

*T. K. Fuller*, for the respondent.

SMITH, P. J. :

The action was brought to recover damages resulting from the death of the plaintiff's husband, Josiah H. Tolman, alleged to have been caused by the negligence of the defendant. On the 21st of December, 1880, the deceased had been to the city of Syracuse with his horse and cutter, and on the evening of that day he undertook to return to his home in Pompey, by way of the Jamesville plank-road, which crosses the defendant's railroad about three miles south of Syracuse. At the crossing he was struck by one of defendant's trains going south, and received injuries from which he died soon after. The only negligence imputable to the defendant, upon any view of the evidence, was the omission to ring the bell or sound the whistle on approaching the crossing. Upon that point the plaintiff called eleven witnesses, who were either passengers on the train or who lived near the crossing, several of whom — eight, we think — testified that they heard no signal, and also testified in substance that they were not listening for signals, and that they gave the subject no attention at the time. On the part of the defendant, the fireman and engineer employed on the train testified positively to the fact of the ringing of the bell and the sounding of the whistle, and that they heard them ; and another witness, who was a brakeman in the employ of the defendant, and was temporarily on the engine of the train, testified to the same facts, and that the bell was rung by him part of the way. A witness, Killmore, who lived fifty or sixty rods north of the crossing, who does not appear to have been an employe of the company, testified that he was watching for the train and that he heard the whistle and the bell. The defendant's counsel requested the court to charge that, as against the affirmative evidence of credible witnesses that the bell was rung or whistle blown, the evidence of witnesses who paid no attention to these signals, that they did not hear them, should not be considered. To that request the court replied : "I do not say that the evidence should not be considered, but I do say that the evidence of those who testify affirmatively that they did hear, is to be given greater weight than those who simply say ' we didn't hear.' All the evidence is to be weighed according to the circumstances of the case as shown by the evidence." The defendant's counsel excepted to that part of the charge.

We are of the opinion that the exception was well taken. In *Culhane* v. *New York Central and Hudson River Railroad Company* (60 N. Y., 133, 137), ALLEN, J., speaking for the whole court, said : "As against positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it to authorize the submission of the question to the jury. It must appear that they were looking, watching and listening for it ; that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative. A mere ' I did not hear ' is entitled to no weight in the presence of affirmative evidence that the signal was given, and does not create a conflict of evidence justifying a submission of the question to the jury as one of fact." The present case is stronger for the defendant than the case of Culhane, as there, there was simply an absence of evidence that the witnesses who did not hear listened or gave heed to the presence or absence of the signal. (See, also, *Steves* v. *Oswego and Syracuse R. R. Co.*, 18 N. Y., 422, 425, and *Chapman* v. *N. Y. C. and H. R. R. R. Co.*, 14 Hun, 485.)

If the testimony of the eight witnesses, standing alone, would not have raised an issue for the jury, as against the positive testimony of the defendant's witnesses, it added nothing to the testimony of the other three witnesses called by the plaintiff, and was not entitled to be considered by the jury. But the charge, in effect, left the jury to give the bare negative testimony of the eight witnesses such weight as they might think it entitled to, and as it is probable that the testimony thus improperly submitted to them influenced their verdict, the judgment must be reversed.

Judgment and orders reversed, and a new trial granted, costs to abide event.

HARDIN and HAIGHT, JJ., concurred.

So ordered.